UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RHILLA LOUSE ZEBROOK,

    Plaintiff,

v.                                            Case No:   2:14-cv-435-FtM-38DNF

JOSEPH G. ZEBROOK,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on *Sua Sponte* Review of the Docket Sheet. On August 6, 2014, the Defendant Joseph G. Zerook removed the instant case from the Circuit Court in and for Madison County, Alabama to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. #1).

Jurisdictionally, removal is governed by Title 28 U.S.C. § 1441(a), which provides that a defendant may remove an action to federal court only if the district court has jurisdiction based on diversity of citizenship of the parties or federal question. "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Hernando Pasco Hospice, Inc. v. Meritain Health, Inc., 2013 WL 3350886, *2 (M.D. Fla. July 2, 2013) (quoting Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir.1999)). In removal actions, the removing party bears the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

burden of establishing jurisdiction. Hernando Pasco Hospice, 2013 WL 3350886, at *2 (citing Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.1996)). Any jurisdictional uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994). The removing party's burden of proof is therefore a heavy one. Hernando Pasco Hospice, 2013 WL 3350886, at *2.

Twenty-Eight 1441(a) reads in pertinent part:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Based upon the language in the statute, the proper venue for removal of this case would be the United States District Court for the Northern District of Alabama. Therefore, the case was improperly removed and is due to be remanded.

Accordingly, it is now **ORDERED:**

1. This case is hereby **REMANDED** to the Circuit Court in and for Madison County, Alabama and the Clerk of the Court is directed to transmit a certified copy of this Order to the Clerk of that Court.

2. The Clerk of the Court is further directed to terminate all pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record